UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONROE H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-03022-MJD-JPH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR EAJA FEES**

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant

to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  [Dkt. 24.]  The Court **GRANTS** the

motion for the reasons set forth below.

## I.  Background

On December 10, 2021, Plaintiff filed his Complaint seeking judicial review of the ALJ's

unfavorable finding denying Plaintiff's application for disability benefits.  [Dkt. 1.] The Court

ruled in favor of Plaintiff and entered judgment on October 12, 2022, reversing the decision of

the Commissioner and remanding for further proceedings.  [Dkt. 23.]  Plaintiff timely filed the

instant motion with supporting documentation on January 10, 2023, requesting an EAJA attorney

fee award in the amount of $5,478.00[1] and costs in the amount of $402.00.  [Dkt. 24.]

---

[1] Plaintiff's fee motion was a mess.  In seeking fees of $5,548.00, Plaintiff's motion states as
follows: "This award represents an hourly rate which is calculated at the rate of $221.25 per
hour for 14.05 hours of attorney time spent on this litigation and $120.00 per hour for 25 hours
of attorney time spent on the same."  [Dkt. 24 at 1.]  14.05 hours at $221.25 per hour equals
$3,108.56 and 25 hours (of **non**-attorney time) at $120.00 per hour equals $3,000.00, which

## II.  Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States."  28 U.S.C. § 2412(d)(1)(A).  In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file an application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified."  28 U.S.C. § 2412(d)(1)(B).  Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings.  28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA).  Plaintiff has provided appropriate documentation for his fee request and alleged that the position of the Commissioner was not substantially justified.  Next, the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified.  *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).  The Commissioner has not done so here; indeed, the

---

totals to $6,108.56.  However, Plaintiff's attorney time only actually amounts to 11.35 hours, not 14.05. [Dkt. 24-3.]  Nevertheless, as discussed below, the total attorney's fees requested are less than counsel would have been entitled to with a proper calculation, so the Court will award the amount requested.

Commissioner has filed a response to the motion in which she states that she does not object to the fee request.  [Dkt. 26.]  The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or his counsel.  Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds.

Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA.  As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  Plaintiff has done so. *See* [Dkt. 24-3].  Plaintiff's counsel spent 1.3 hours on this case in 2021, 9.75 hours on this case in 2022, and 0.3 hours on this case in 2023 and their staff spent 25.0 hours, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010).  Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).  Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-

adjusted rate might result in a rate higher than the prevailing market rate in the community for

comparable legal services, creating a windfall, which is to be avoided.  *Id.* at 428-29.

Plaintiff sets out the appropriate calculation of the applicable hourly rates permitted by

the EAJA, taking into account the increase in the cost of living, as set forth in the Midwest Urban

Consumer Price Index, since the statutory hourly rate was set at $125 per hour in March 1996.

*See* [Dkt. 24-5.]  That calculation arrives at a maximum statutory hourly rate of $207.85 for work

performed in 2021[2] and $221.25 for work performed in 2022.  The Court finds that this rate does

not exceed the prevailing market rate in the community by lawyers of comparable skill and

experience and is consistent with the rate approved in other similar cases in this district.  The

Court also finds that the $120.00 hourly rate requested for the work of non-attorney staff is

reasonable. An award of costs in the amount of the filing fee paid, $402.00, is also appropriate.

*See* 28 U.S.C. § 1920.

### III.  Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Award of

Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [Dkt. 24], and

---

[2] Counsel failed to provide the calculated rate for 2021 and requested the 2022 rate be used for work performed in 2021, 2022, and 2023, [Dkt. 24], which would have resulted in overpayment for the hours performed in 2021. This runs afoul of the Seventh Circuit's instruction that "Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). However, due to Counsel's arithmetic errors in calculating his hours and total fee award, *supra* at 1, n. 1, the Court finds that counsel inadvertently reduced his fee award such that he will not be overpaid for the work performed in 2021, rendering the error harmless (1.3 hours at $207.85 per hour equals $270.21, plus 10.05 hours at $221.25 (it is not an overpayment to calculate the 0.3 hours worked in 2023 at the 2022 rate) equals $2,223.56, plus 25 hours at $120.00 per hour equals $3000, which would result in a total fee award of $5,493.77, which is greater than the $5,478.00 requested). Nevertheless, counsel should take care in future motions for EAJA fee awards to calculate his rate using CPI data from each year in which his services were actually performed and that all of his math is correct.

awards fees in the amount of $5,478.00, plus costs in the amount of $402.00.  An award under

the EAJA belongs to Plaintiff and not his attorney and can be offset to satisfy any pre-existing

debt that Plaintiff owes the United States.  *Astrue v. Ratliff,* 560 U.S. 586 (2010).  However, if

Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to

the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant

to the EAJA assignment duly signed by Plaintiff and counsel, [Dkt. 24-8].

     SO ORDERED.

Dated:  9 FEB 2023

                 Mark J. Dinsmore
                 United States Magistrate Judge
                 Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.